1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  INSOMNIAC, INC., a California corporation; and PASQUALE ROTELLA, an individual, | Case No.  CV 13-02284-ODW(MANx) |
| 12 | |
| 13              Plaintiffs, | |
| 14  v. | **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| 15  D DONNIE PRODUCTIONS, INC., formerly known as DISCO PRODUCTIONS, INC., a Louisiana corporation; JAMES D. ESTOPINAL, JR., aka DISCO DONNIE, an individual; and DOES 1 through 10, inclusive, | |
| 16 | |
| 17 | |
| 18 | |
| 19              Defendants. | |
| 20  DISCO PRODUCTIONS, INC., a Florida corporation and JAMES DONALD ESTOPINAL, an individual, | |
| 21 | |
| 22              Counterclaim Plaintiffs, | |
| 23  v. | |
| 24  PASQUALE ROTELLA, an individual and INSOMNIAC, INC., a California corporation, | |
| 25 | |
| 26 | |
| 27              Counterclaim Defendants. | |
| 28 | |

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

2    the parties' [Proposed] Stipulated Protective Order Governing Confidential

3    Information ("Stipulation") filed on October 29, 2013, the terms of the protective

4    order to which the parties have agreed are adopted as a protective order of this

5    Court (which generally shall govern the pretrial phase of this action) except to the

6    extent, as set forth below, that those terms have been substantively modified by the

7    Court's amendment of paragraph V. A. of the Stipulation.

8    The parties are expressly cautioned that the designation of any information,

9    document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or

10   other designation(s) used by the parties, does not, in and of itself, create any

11   entitlement to file such information, document, or thing, in whole or in part, under

12   seal.  Accordingly, reference to this Protective Order or to the parties' designation

13   of any information, document, or thing as Confidential, Highly Confidential –

14   Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly

15   insufficient to warrant a filing under seal.

16   There is a strong presumption that the public has a right of access to judicial

17   proceedings and records in civil cases.  In connection with non-dispositive motions,

18   good cause must be shown to support a filing under seal.  The parties' mere

19   designation of any information, document, or thing as Confidential, Highly

20   Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does

21   not -- **without the submission of competent evidence, in the form of a**

22   **declaration or declarations, establishing that the material sought to be filed**

23   **under seal qualifies as confidential, privileged, or otherwise protectable** --

24   constitute good cause.

25   Further, if sealing is requested in connection with a dispositive motion or

26   trial, then compelling reasons, as opposed to good cause, for the sealing must be

27   shown, and the relief sought shall be narrowly tailored to serve the specific interest

28   to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th

Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## <u>TERMS OF PROTECTIVE ORDER</u>

**I. SCOPE**

This **Protective O**rder shall apply to and govern documents, information, and other matter produced or furnished during the course of discovery in the above-captioned proceedings pursuant to the Federal Rules of Civil Procedure, the Local Rules of the above-entitled Court ("Local Rules"), or otherwise, to the extent such materials are designated as constituting or containing Confidential Information pursuant to Section III of this **Protective O**rder.  This **Protective O**rder does not affect the enforceability of any existing confidentiality agreements, confidentiality provisions, or protective orders governing documents, information, or other matter

1 produced in connection with this Action, including, but not limited to,

2 confidentiality agreements, protective orders, or restrictions on the dissemination of

3 materials collected or created in the course of other litigation.

4 **II. DEFINITIONS**

5         A.     "Action" shall refer to the above-entitled proceedings in the

6 United States District Court for the Central District of California.

7         B.     "Designating Party" shall mean a party or third party that

8 designates information **as** confidential pursuant to Section III below.

9         C.     "Furnishing Party" shall mean a party to the Action, or a third

10 party subject to subpoena, on behalf of which documents, things, or information are

11 furnished or produced in connection with the Action.

12         D.     "Receiving Party" shall mean a party to the Action to which

13 documents, things, or information are furnished or produced in connection with the

14 Action.

15         E.     "Confidential Information" shall mean confidential or

16 proprietary business, personal, or technical information that is not generally known

17 and that the Designating Party would not normally reveal to third parties, or would

18 cause or require third parties to maintain in confidence, that is designated with a

19 legend set forth in Section III hereof.

20         F.     "Counsel" shall mean counsel of record for a party to this

21 **A**ction and secretarial, clerical, and paralegal personnel assisting such counsel.

22 "Counsel" shall not include persons engaged or retained by or on behalf of any

23 party as an Expert Consultant.

24         G.     "Expert Consultant" shall mean any person other than Counsel

25 who is retained or sought to be retained by or on behalf of a party to the Action to

26 advise and assist in the preparation and presentation of the party's case. For

27 purposes of this **Protective O**rder, Expert Consultants shall include individuals

28 retained as experts, whether or not designated to testify at trial.

**III. DESIGNATION OF INFORMATION**

        A.    Documents, information, and other matter produced or furnished during the course of the Action, including, without limitation, documents, information, and matter produced in response to requests for production of documents, to interrogatories, to requests for admissions, to subpoenas, or during depositions, may be designated as constituting or containing Confidential Information, prior to producing or furnishing the documents or things, by placing on each page and each thing to which the designation applies a legend stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The Designating Party shall make this designation based on its good faith determination that such designation applies.

        B.    For information produced in some form other than documentary and for any other physical items, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend stating "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

        C.    The parties agree Confidential Information may include, but is in no way limited to, non-public financial information, accounting records, financial and business models, and trade secrets. Pursuant to **S**ection VII below, any party's inadvertent failure to mark such materials as constituting or containing Confidential Information shall not constitute a waiver of its claim to confidentiality.

        D.    If a third party produces documents or information of any other kind pursuant to a subpoena or otherwise, all such documents shall be provisionally designated as Confidential Information subject to the provisions of **paragraph** IV. B. ("Confidential"), until fifteen (15) days after all of the parties to the Action have received the documents, unless the parties otherwise agree in writing. If a party to the Action believes that any documents or information produced by a third party constitute or contain Confidential Information of the party or of its past or present

affiliates, employees, or customers, the party to the Action may designate it as constituting or containing Confidential Information within fifteen (15) days of receipt of the information by notifying the other parties of the documents or information it deems to constitute or contain Confidential Information, and re-producing the pages constituting or containing Confidential Information with one of the legends set forth in paragraph III. A.  Thereafter, the documents or information will no longer be deemed Confidential Information for purposes of this Protective Order, except to the extent so designated within such fifteen (15)-day period.

    E. For information presented orally at deposition, a confidentiality designation may be made on the record through a request that specific information provided in response to questions be designated by the deposition reporter as "Confidential" or "Highly Confidential — Attorneys' Eyes Only"; such a designation made on the record shall be effective immediately.  Additionally, a party or third party may designate deposition information as "Confidential" or "Highly Confidential —Attorneys' Eyes Only" by giving written notice (via e-mail, letter, or otherwise) transmitted to all parties and to the court reporter on or before the date that the signed transcript and/or errata are due.  Those portions of the transcript of a deposition session for which no designation was made on the record shall be provisionally designated as "Confidential" and subject to the provisions of **paragraph** IV. B. until the date that the signed transcript and/or errata are due.  Thereafter, the transcript will no longer be deemed Confidential Information for purposes of this Protective Order, except to the extent so designated at the deposition or in a written notice, by letter, e-mail, or otherwise, transmitted to all parties and the court reporter within the time specified above.

**IV. DISCLOSURE OF CONFIDENTIAL INFORMATION**

    A. Confidential Information shall be used solely for the purpose of conducting this Action and for no other purpose.

B.     Confidential Information designated as "CONFIDENTIAL" may be disclosed to Counsel for the Receiving Party, including in-house counsel supervising this matter, and may be disclosed by Counsel for the Receiving Party to the following additional persons only:

(1)     The parties and the current and former employees of such parties (or their parent, subsidiary, or other affiliated enti**ties**) whose assistance **C**ounsel requests for purposes of this litigation;

(2)     The Court, the jury, members of the staff of the Court, and other persons present during trial whose functions reasonably necessitate access to Confidential Information, subject to the procedures set forth in paragraphs V. A. through D., inclusive, hereof;

(3)     Qualified court reporters taking testimony in the above-captioned proceedings, and necessary stenographic and clerical personnel thereof;

(4)     Percipient witnesses at deposition, or in preparation for deposition testimony or trial, provided that such witnesses are not permitted to retain the Confidential Information following the preparation session or deposition;

(5)     Expert Consultants, and their employees, of the Receiving Party;

(6)     Non-technical jury or trial consulting services retained by **C**ounsel for a party; and

(7)     The author of the document or the original source of the information, and those persons reasonably believed to have received the document or be knowledgeable about its contents in the ordinary course of business.

C.      Confidential Information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed to Counsel for the Receiving Party, including in-house counsel supervising this matter, and may be disclosed by Counsel for the Receiving Party to the following additional persons only:

(1)      The Court, the jury, members of the staff of the Court, and other persons present during trial whose functions reasonably necessitate access to Confidential Information, subject to the procedures set forth in paragraphs V. A. through D., inclusive, hereof;

(2)      Qualified court reporters taking testimony in the above-captioned proceedings, and necessary stenographic and clerical personnel thereof;

(3)      Non-technical jury or trial consulting services retained by Counsel for a party; and

(4)      The author of the document or the original source of the information, and those persons reasonably believed to have received the document or be knowledgeable about its contents in the ordinary course of business.

D.      Confidential Information may be disclosed to those persons identified in paragraphs B. (5) through B. (6) and C. (3) above, provided that, prior to the disclosure of any Confidential Information to such persons:  (a) the person shall have been informed of the confidential nature of all Confidential Information and the need to limit its use strictly to the purposes permitted herein, and shall agree to be bound by such restrictions; and (b) the person shall execute and deliver to the party providing such Confidential Information (who shall retain the executed original in perpetuity and promptly provide an executed copy to the opposing party

1  upon request) the written "Non-Disclosure Agreement" in the form attached hereto

2  as **Exhibit A**.

3  **V. USE OF CONFIDENTIAL INFORMATION**

4          A.      In the event that any brief, memorandum, or other paper to be

5  submitted to the Court by or on behalf of a Receiving Party contains Confidential

6  Information of another party or third party, the Receiving Party shall **submit an**

7  **application to** file the Confidential Information under seal, **which application**

8  **shall comply with the requirements of Local Rule 79-5 and this Protective**

9  **Order.**  If the Furnishing Party is a third party **who or which** produced information

10  pursuant to subpoena and designated some or all of that information as Confidential

11  Information, the Receiving Party submitting the Confidential Information to the

12  Court shall provide contemporaneous notice to the Furnishing Party that its

13  Confidential Information has been submitted to the Court **with an application to**

14  **file such Confidential Information** under seal.

15          B.      All documents and copies of documents, made, drafted, or

16  prepared by or on behalf of a Receiving Party that contain, memorialize, or

17  summarize Confidential Information, including, without limitation, attorney notes

18  or abstracts or other derivative documents or things, shall be handled as if they were

19  designated pursuant to Section III hereof.

20          C.      Counsel for Receiving Parties and Expert Consultants of

21  Receiving Parties:  (1) shall maintain all documents and things containing

22  Confidential Information in a secure place that is reasonably inaccessible to anyone

23  other than those persons authorized under this Protective Order to receive such

24  information; and (2) shall take reasonable steps to ensure that such information is

25  not disclosed to such other persons.

26          D.      In the event of any disclosure of Confidential Information to any

27  person or entity that is not permitted by the terms hereof, the Receiving Party that

28  made the disclosure shall, upon learning of it:

(1)    Immediately notify the person or entity to whom the disclosure was made that he, she or it has received Confidential Information subject to this Protective Order;

(2)    Immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was made; and

(3)    Immediately notify the Designating Party of the identity of the person(s) or entity to whom disclosure was made, the circumstances of the disclosure, and the steps taken to ensure against the dissemination or use of the information.

## VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Receiving Party is served by a non-party with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing no more than ten (10) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

B.    The Receiving Party must also immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the non-party in the other action that caused the subpoena or order to issue.

C.    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court

from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protect**ion** in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## VII. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL INFORMATION

A. Inadvertent failure to designate documents or other information as Confidential Information at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order. A Furnishing Party's inadvertent or unintentional disclosure of Confidential Information, without the confidentiality designation, shall not be deemed a waiver in whole or in part of the Furnishing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto, on the same or related subject matter.

B. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as soon as reasonably possible after the Furnishing Party becomes aware of the inadvertent or unintentional disclosure. Counsel for the Furnishing Party with assistance of the Receiving Parties shall thereafter:

(1) Use reasonable efforts to retrieve all such particular documents, things, or information, and all copies thereof, from any persons not authorized by this **Protective** Order to receive such materials;

(2) Mark the particular documents, things, or information, and all copies thereof, with the appropriate legend as set forth in Section III; and

        (3)     Treat the document, thing, or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation.

## VIII. CHALLENGES TO CONFIDENTIALITY DESIGNATION

A.     If a Receiving Party disputes a designation of information as constituting or containing Confidential Information or disputes the level of protection designated for the information, the Receiving Party may at any time notify the Designating Party in writing of the particular designation that is disputed and the basis for disputing the designation.  Such notice shall be delivered in a separate writing so as to notify the Designating Party of the documents so challenged, and shall set forth with particularity the grounds for the challenge to each document or category of documents.

B.     In the event written notice of an objection to the designation of information as constituting or containing Confidential Information is served pursuant to the preceding paragraph, the disputants shall first attempt to resolve such dispute in good faith on an informal basis.  The Designating Party shall, within forty-five (45) days after such written notice was provided or such other time to which the disputing parties may agree:   (1) re-produce any documents as required to reflect a changed designation agreed upon by the parties; and/or (2) as to those documents for which the dispute cannot be resolved, either (a) produce the documents as demanded in the Receiving Party's notice of objection, or (b) file a motion with the Court seeking a determination that the information was properly designated.  The Designating Party shall carry the burden of persuasion on such a motion to establish that the information was properly designated.  Prior to the determination of such motion, the Parties shall treat the disputed information as though it were properly designated.

C.     Any party required to move this **C**ourt for relief under the provisions of **paragraph** VIII. B. as a result of written objections asserted by a

Receiving Party prior to the entry of this **Protective** Order shall have forty-five (45)

days from the entry of this **Protective** Order to bring its motion.

**IX. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF**

**PRIVILEGED INFORMATION**

The inadvertent or unauthorized disclosure of information or documents that

a Furnishing Party believes constitute, contain, or reflect information otherwise

protected by the attorney-client privilege, the work product doctrine or any other

privilege or immunity from discovery ("Privileged Information"), shall not

constitute a waiver or estoppel with respect to such Privileged Information, or

generally of any such privilege or immunity or other ground for withholding

production to which the Furnishing Party or any other person would otherwise be

entitled.  Upon learning of any such inadvertent or unauthorized disclosure of

Privileged Information, the Furnishing Party shall promptly provide notice to the

Receiving Party directing that all copies of documents containing such Privileged

Information be returned to the Furnishing Party or destroyed and barring any party

from using or retaining those documents or any copies thereof in the action or

otherwise.  All parties receiving such notice shall immediately return all copies of

the Privileged Documents described in the notice, shall delete such material from

any litigation-support or other database, shall destroy all notes or other work

product reflecting the contents of such material, and shall not use such Privileged

Documents; provided, however, that any party receiving such notice, after returning

the Privileged Documents, may move within thirty (30) days after receiving such

notice and on reasonable notice, and on grounds other than the inadvertent or

unauthorized disclosure of such documents, for an order challenging the

designation of such documents as Privileged Documents.  If, and only if, the party

receiving notice of inadvertent or unauthorized disclosure of Privileged Documents

elects to move for such an order, that party shall be permitted to keep only one copy

of the Privileged Document for the sole purpose of **submitting** such copy with the

1  Court **for filing** under seal when making its motion.  The parties agree that

2  permission to keep the one copy for the sole purpose of filing it with the Court

3  under seal shall not be grounds for arguing that the document is not privileged or

4  that any privilege was waived.  The parties agree that the terms in this **S**ection do

5  not in any way limit or alter the parties' existing obligations under the applicable

6  law.

7  **X. CONCLUSION OF LITIGATION**

8        A.      No later than three (3) months after the final termination of the

9  Action, including the exhaustion of any appeals and cross-appeals and requests for

10  discretionary review, each person or party subject to the terms of this Protective

11  Order shall either:  (1) return all Confidential Information produced by other parties

12  to each respective Furnishing Party (except to the extent such designated

13  information is maintained on electronic media and cannot be returned, in which

14  case such designated information shall be erased or otherwise destroyed); or

15  (2) destroy all Confidential Information produced by other parties.  Nothing herein

16  shall obligate any person or party to destroy**:**  (i) attorney work product, including,

17  without limitation, attorney notes or memos and deposition summaries; (ii) any

18  transcript of any deposition, hearing, or trial proceeding; or (iii) any pleading or

19  paper served on another party or filed with the Court in the Action.

20        B.      Notwithstanding the foregoing, a Receiving Party shall be

21  permitted to designate, in writing and no later than one (1) month after the final

22  termination of the Action, any Confidential Information it believes, in good faith, is

23  necessary for its counsel to maintain after the termination of the litigation for

24  purposes of reference and use in the event of further disputes or litigation between

25  the parties.  Upon giving this notice, the Receiving Party may keep one (1) copy of

26  any such designated Confidential Information, subject to the on-going protections

27  of this Protective Order.  If any disputes arise out of such designations, the

28  disputants shall attempt to resolve such disputes in good faith on an informal basis.

C.     This Court shall retain jurisdiction over the Action following its termination (whether by judgment, settlement, or otherwise) for the purpose of enforcing this Protective Order.

**XI. AMENDMENTS OR MODIFICATIONS**

A.     This Protective Order may be amended by agreement of counsel for the parties to this **Protective** Order and approval of the Court in the form of a stipulation that shall be filed with the Court.  Any party may, on motion and for good cause shown, apply to the Court for modification of this Protective Order.

B.     This Protective Order shall become effective immediately upon its entry by the Court.  The parties agree that, pending the entry of this **Protective** Order by the Court, any production of documents or information will be subject to the terms of this Protective Order.

C.     Nothing in this Protective Order precludes the entry of additional protective orders in the Action, if such additional protective orders are appropriate.

**XII. MISCELLANEOUS**

Nothing herein limits the ability of a party or third party to use or to disclose its own Confidential Information.

DATED:  November 5, 2013

_Margaret A. Nagle_

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "A"
## NON-DISCLOSURE AGREEMENT

I certify that I have carefully read the Protective Order ("Order") in the case of *Insomniac, Inc., et al. v. D Donnie Productions, Inc., et al.*, Case No. CV 13-02284-ODW(MANx), and that I fully understand the terms of the Order.  I recognize that I am bound by the terms of the Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings involving the enforcement of the Order.

Executed this day _____ of _____, 20___, at _____, _____.

_____
Signature

_____
Name

_____
Affiliation or Company

_____
Business Address

_____
Home Address